IN THE COMMONWEALTH COURT OF PENNSYLVANIA

School Express, Inc., : 
              Appellant : 
               : 
        v. : No. 752 C.D. 2017
           : ARGUED: December 4, 2017
Lincoln Intermediate Unit No. 12 : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE J. WESLEY OLER, JR., Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE OLER, JR.         FILED: December 27, 2017

School Express, Inc. (School Express), appeals from the final judgment entered May 25, 2017 pursuant to the order of the Court of Common Pleas of Adams County (trial court) granting a motion for summary judgment in favor of Lincoln Intermediate Unit No. 12 (LIU) on January 24, 2017. We affirm.

School Express is a provider of student transportation services for school districts in central Pennsylvania. LIU provides various services and advisory support to school districts in Adams, Franklin and York Counties. In 2006 and 2009, School Express and LIU entered into contracts for the transportation of students over periods of three years. On August 1, 2012, School Express and LIU entered into another three-year student transportation contract (Agreement), which stated, in relevant part, as follows:

In accordance with the provisions of this Agreement, [School Express] agrees to provide transportation for school students designated by LIU. Such transportation shall be provided to and from such points, along and over such routes, and at such times set forth in the schedule attached hereto and made a part hereof. LIU may from time to time alter transportation (routes, times, students, trips, etc.) to be provided by [School Express] under this Agreement; and in the event of alterations, the attached schedule shall be deemed to be amended to reflect such alterations.

(Reproduced Record (R.R.) at 50a.) Despite the reference to a "schedule" in the provision above, School Express and LIU agree that no such schedule was attached to the Agreement.

Under a previous contract, LIU assigned to School Express the transportation of 348 students during the 2010-2011 school year, and 243 students during the 2011-2012 school year. (R.R. at 79a.) Under the Agreement, however, LIU assigned to School Express only 16 students for school year 2012-2013, and one student for 2013-2014. (R.R. at 3a-4a, 26a.)

On October 22, 2014, School Express filed a complaint in the trial court alleging that LIU breached the Agreement and violated an implied duty of good faith and fair dealing by failing to assign the same number of students to School Express under the Agreement as in previous years. (R.R. at 5a-6a.) On December 4, 2014, LIU filed an answer with new matter and counterclaim[1] wherein LIU denied breaching the Agreement and claimed "School Express is not guaranteed any

_____

[1] LIU later discontinued its counterclaim pursuant to Pa.R.C.P. No. 229.

2

volume of students pursuant to the Agreement and, therefore, changes in the number of students cannot constitute a breach of the Agreement." (R.R. at 28a.)

Following a period of discovery, LIU filed a motion for summary judgment on September 19, 2016. The trial court determined that the language of the Agreement was not ambiguous. Having found the Agreement to be unambiguous, the trial court rejected the School Express argument that construction of the Agreement required consideration of the parties' past dealings. Focusing on the language of the Agreement itself, the trial court concluded that LIU was under no duty to assign any particular volume of students to School Express.[2] The trial court granted LIU's motion for summary judgment on January 24, 2017, and judgment was entered against School Express on May 25, 2017. This appeal followed.

"Appellate review of summary judgment entails a question of law." *Starling v. Lake Meade Property Owners Association, Inc.,* 162 A.3d 327, 340 (Pa. 2017). Accordingly, this Court's standard of review is *de novo. Id.*

> Summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.... The reviewing court must view the record in the light most favorable to the nonmoving party, resolving all doubts as to the existence of a genuine issue of material fact against the moving party. When the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment.

---

[2] The trial court also held that the claim of School Express that LIU violated an implied duty of good faith and fair dealing failed as a matter of law. (Trial court opinion, 1/24/17, at 12.) However, School Express has not challenged this holding in this appeal.

*Id.* (citations omitted).

On appeal, School Express argues that the Agreement was ambiguous because no schedule was attached to the Agreement. School Express contends that the absence of a schedule requires consideration of the parties' prior course of dealing to define the duties of LIU under the Agreement.[3]

"The fundamental rule in construing a contract is to ascertain and give effect to the intention of the parties." *Agrecycle, Inc. v. City of Pittsburgh*, 783 A.2d 863, 868 (Pa. Cmwlth. 2001) (citation omitted). If the terms of a document are unambiguous, the intention of the parties should be ascertained from the document itself. *Id.*

A contract "is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense." *Municipal Authority of Borough of Midland v. Ohioville Borough Municipal Authority*, 108 A.3d 132, 139 (Pa. Cmwlth. 2015) (citation omitted). The fact that the parties disagree on the proper construction of a contract does not render it ambiguous. *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Big D Restaurants, LLC,* 149 A.3d 890, 899 (Pa. Cmwlth. 2016) (citation omitted).

In this case, School Express has failed to identify how any specific provision of the Agreement is susceptible to more than one construction. Rather, School Express argues that the absence of the schedule creates an ambiguity because the scope of work is undefined. However, the failure of the parties to specify the

---

[3] Before the trial court, School Express also contended that the Agreement was modified by certain oral conversations between representatives of the parties. On appeal, however, School Express has not maintained that contention.

volume of work within the confines of the Agreement "renders the term silent, not ambiguous." *Ragnar Benson, Inc. v. Hempfield Township Municipal Authority,* 916 A.2d 1183, 1189 (Pa. Super. 2007); *see Seven Springs Farm, Inc. v. Croker,* 748 A.2d 740, 748 (Pa. Super. 2000) ("when a contract fails to provide for a specific contingency, it is silent, not ambiguous.")

We agree that the Agreement is unambiguous in this case. The Agreement states that School Express will transport students designated by LIU. However, the Agreement does not obligate LIU to designate any particular number of students for transportation. Moreover, the Agreement explicitly authorizes LIU to alter the number of students to be transported by School Express.

"The elements of a breach of contract claim are (1) the existence of a contract, (2) a breach of the duty imposed by the contract and (3) damages resulting from the breach." *Sewer Authority of City of Scranton v. Pennsylvania Infrastructure Investment Authority,* 81 A.3d 1031, 1041-42 (Pa. Cmwlth. 2013). Where the unambiguous Agreement does not require LIU to designate or maintain a particular volume of students for transportation, School Express cannot establish a breach based on a change in the number of students designated for transportation under the Agreement.

For the reasons set forth above, the trial court did not err in concluding that there was no genuine issue of material fact outstanding in this case and that LIU was entitled to summary judgment as a matter of law.

_____
J. WESLEY OLER, JR., Senior Judge

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

School Express, Inc.,          :
           Appellant        :
                               :
         v.                     :   No. 752 C.D. 2017
                               :
Lincoln Intermediate Unit No. 12    :

## O R D E R

AND NOW, this 27th day of December, 2017, the order of the Adams County Court of Common Pleas is affirmed.

 

 

                                 _____
                                 J. WESLEY OLER, JR., Senior Judge